IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTONE LAMANDINGO KNOX,            )
                                   )
          Petitioner,              )
                                   )
v.                                 )  Case No. CIV-12-508-W
                                   )
RANDALL G. WORKMAN, Warden, and    )
JANNA MORGAN, Clinical Coordinator,)
                                   )
          Respondents.             )

## REPORT AND RECOMMENDATION

Mr. Antone Knox seeks habeas relief under 28 U.S.C. § 2241. The Court must *sua sponte* consider whether the habeas petition was properly filed in this district because otherwise jurisdiction would be absent.[1] When the Court conducts this inquiry, it should conclude that it lacks jurisdiction. But the proper remedy would involve transfer to the Eastern District of Oklahoma rather than dismissal.

A petition under Section 2241 must be initiated in the district of Mr. Knox's confinement. *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (stating that a habeas petition arising under 28 U.S.C. § 2241 "must be filed in the district where the prisoner is confined" (citation omitted)). That district is the Eastern District of Oklahoma

---

[1] *See Howard v. United States Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007).

rather than the Western District of Oklahoma.[2] Consequently, the latter does not have jurisdiction to act.[3]

In the absence of jurisdiction, the Court can either order dismissal or transfer the proceedings to the Eastern District of Oklahoma. *See* 28 U.S.C. § 1631 (2006); *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006).

In deciding between these options, the Court should consider whether dismissal would cause a new action to be time-barred.[4] A one-year period of limitations exists for habeas actions brought by state prisoners. *See* 28 U.S.C. § 2244(d)(1) (2006). A court could conceivably consider the present action timely and a new action barred under the one-year period of limitations.

---

[2] The Petitioner is incarcerated at the Oklahoma State Penitentiary in Pittsburg County, Oklahoma. This facility lies within the territorial jurisdiction of the United States District Court for the Eastern District of Oklahoma. 28 U.S.C. § 116(b) (2006).

[3] *See, e.g.*, *Montalvo v. Werlizh*, 461 Fed. Appx. 818, 819 (10th Cir. Apr. 5, 2012 (unpublished op.) (holding that the district court lacked jurisdiction because the claimant was confined in Wisconsin when he filed the habeas petition in the Western District of Oklahoma); *United States v. Dotson*, 430 Fed. Appx. 679, 684 (10th Cir. July 13, 2011) (unpublished op.) (holding that the Western District of Oklahoma lacked jurisdiction because the habeas petitioner was incarcerated in Georgia when he began the action).

[4] *See Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) ("A compelling reason for transfer is that the plaintiff, whose case if transferred is for statute of limitations purposes deemed by section 1631 to have been filed in the transferor court, will be time-barred if his case is dismissed and thus has to be filed anew in the right court." (citations omitted)); *Lopez v. Heinauer*, 332 F.3d 507, 511 (8th Cir. 2003) ("Transfer is required in this case because otherwise, the petitioner will have lost his opportunity to present the merits of the claim due to a statute of limitations bar, thus, the transfer is in the interest of justice."); *see also Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (*per curiam*) (stating that one factor supporting transfer, rather than dismissal, is "a finding that a new action filed by the litigant would be barred as untimely" (citation omitted)).

For example, in Ground One, Mr. Knox appears to claim irregularities in the handling of a petition for judicial review filed in state district court on August 18, 2011. If the Court were to adopt a recommendation for dismissal, the order could conceivably be filed after August 18, 2012. This circumstance could conceivably prevent Mr. Knox from filing a new action within the one-year period of limitations.

The same is true for Grounds Two and Three. In these grounds, Mr. Knox challenges a misconduct conviction. He does not say when the conviction took place, but states that the disciplinary charge had been filed on June 10, 2011. Thus, dismissal could conceivably prevent Mr. Knox from asserting Grounds Two and Three within one year of his disciplinary conviction. *See supra* p. 2 (discussing the one-year period of limitations).

Dismissal could also prevent Mr. Knox from timely asserting Ground Four. There Mr. Knox complains about disciplinary charges growing out of the interception of his legal mail. The petition, however, is silent about when authorities had allegedly opened the mail or issued the misconduct conviction. Without knowing when these events took place, the Court cannot determine whether dismissal would prevent refiling of Ground Four in a new action.

For each of the four claims, transfer — rather than dismissal — would avoid the risk of a time-bar for Mr. Knox as a result of his filing in the wrong court. In these

circumstances, the Court should transfer the action to the Eastern District of Oklahoma rather than order dismissal.[5]

The Petitioner has the right to object to the present report. Any such objection must be filed with the Clerk of the Court in the Western District of Oklahoma by July 16, 2012. *See* 28 U.S.C.A. § 636(b)(1) (2011 supp.); Fed. R. Civ. P. 6(d), 72(b)(2). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is discharged.

Entered this 29th day of June, 2012.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[5] *See Knox v. Morgan*, Case No. CIV-12-547-W (W.D. Okla. June 8, 2012) (transferring Mr. Knox's habeas claims involving an adverse decision on his "G.C.A.C.," punishment for submission of a request to staff and grievance, and interception of administrative complaints and the filing of a false offense report); *Knox v. Workman*, Case No. CIV-12-513-W (W.D. Okla. May 30, 2012) (transferring Mr. Knox's habeas claims involving issuance of a false offense report, disregard for administrative appeals, and issuance of a disciplinary conviction without any evidence of guilt).