IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ANTONE LAMANDINGO KNOX, )
                                          )
            Petitioner, )
                                          )
v. )    Case No. CIV 12-309-RAW-KEW
                                          )
RANDALL G. WORKMAN, Warden, )
                                          )
            Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, is challenging his conviction of a prison misconduct that resulted in his loss of earned credits.

Petitioner claims he was convicted in his disciplinary proceeding without any evidence. The respondent alleges petitioner failed to exhaust his state administrative remedies and failed to timely and properly file an appeal seeking relief in state court, so he is procedurally barred from habeas corpus relief.

The record shows that petitioner received a copy of an Offense Report on June 28, 2011, for Individual Disruptive Behavior, after he attempted to circumvent the Department of Corrections' legal mail procedure by sending non-legal mail marked as legal mail with a legal disbursement. He was found guilty in his June 29, 2011, disciplinary hearing, and punishment was imposed. The facility head reviewed and approved the proceedings on June 30, 2011, and petitioner received notice of the warden's review on July 8, 2011.

Petitioner appealed the misconduct to the facility head, and on July 12, 2011, the due process review affirmed the disciplinary officer. Petitioner submitted an appeal to the Administrative Review Authority (ARA) on July 15, 2011, but the appeal was returned

unanswered because of improper filing. He was given the opportunity to refile the appeal within the time limitations set forth in the DOC's procedure governing misconduct appeals, OP-060125. Petitioner sent a second appeal to the ARA on July 19, 2011, but it was returned unanswered on that same date as improper. This failure placed him beyond the time limit to attempt another administrative appeal. He, however, sent a third appeal to the ARA on July 29, 2011. It also was returned unanswered, because he had received a final answer to his second appeal.

Petitioner had 90 days from July 19, 2011, or until October 18, 2011, to file a petition for judicial review in the Oklahoma County District Court, pursuant to Okla. Stat. tit. 57, § 564.1(A)(1), seeking a review of the disciplinary proceedings. According to the Oklahoma State Court Network, however, he failed to do so. [Docket No. 35-8].

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, petitioner did not properly present his claim to the Department of Corrections and exhaust the administrative remedy provided by the DOC. Although he was given the opportunity to file a proper appeal to the Administrative Review Authority, he did not comply with the procedure. He then failed to seek relief in the state district court, as allowed under § 564.1. He, therefore, has procedurally defaulted his claims.

Petitioner's procedural default may be excused if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (quoting *Coleman*, 501 U.S. at 750). Petitioner has not filed a response to the respondent's motion to dismiss or otherwise shown cause for his default.

Because petitioner has failed to show cause for the default, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993). Regarding the fundamental miscarriage of justice exception, it "is a markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent'" *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999)). Petitioner has not made this showing.

Petitioner has filed two motions to dismiss this action without prejudice to filing an amended petition within twelve months, because he alleges this action has been prolonged by the court's bias, prejudice, and discrimination. [Docket Nos. 40 & 41]. The court finds petitioner's allegations are unsupported and conclusory. Furthermore, he apparently is asking the court to grant him additional time beyond the one-year statute of limitation imposed by 28 U.S.C. § 2244(d) for filing a habeas corpus action. There is, however, no authority for such an extension or for tolling the limitation period under these circumstances. Therefore, his motions to dismiss are denied.

**ACCORDINGLY,** the respondent's motion to dismiss [Docket No. 35] is GRANTED, petitioner's motions to dismiss [Docket Nos. 40 & 41] are DENIED, and this action is, in all respects, DISMISSED in its entirety.

**IT IS SO ORDERED** this 21st day of March 2013.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE